FANNIE F. RUSSELL *vs.* CHARLES B. FOLSOM and another.

Somerset.   Opinion July 21, 1881.

*Promissory Note.   Indorsement.   Transfer.*

An action may be maintained by the indorsee of a promissory note payable to the order of a corporation and indorsed thus: "Charles B. Folsom, Treas," by one who held that office in the corporation and was authorized to perform the financial business thereof.

Such an indorsement is sufficient to transfer the note.

ASSUMPSIT upon the following note:

"Skowhegan, Nov. 4, 1874.

"Six months after date I promise to pay to the order of the Madison Pond Slate Company, seven hundred and fifty dollars at First National Bank, Skowhegan, value received, with interest at 7 1-2 per cent.   H. E. HALL,

A. S. C. HALL."

Indorsed: "Holden without demand or notice," in the hand-writing of W. M. E. Brown, one of the defendants, and signed.

"CHARLES B. FOLSOM, Treas.

W. M. E. BROWN,

CHARLES B. FOLSOM."

The plaintiff offered evidence tending to show that Charles B. Folsom, one of the defendants, applied to Dr. Leonard Russell for a loan of $750, for the benefit of the Madison Pond Slate

Company, of which he was then treasurer and one of the directors, and the other defendant, W. M. E. Brown, clerk and director; that he offered to procure the signature of Mr. Brown and add his own personally; that soon after he brought this note to Dr. Russell with the indorsement and signatures as they now appear, and thereupon received the $750 in cash which was entered upon the treasurer's books.

Dr. Russell is dead and the plaintiff is his widow and administratrix. The court granted leave to amend by adding a count alleging the plaintiff to be his administratrix, and declaring on the note in that capacity, if the amendment is legally allowable.

Other material facts are stated in the opinion.

The presiding justice directed a nonsuit, upon the ground that there was no legal indorsement and negotiation of the note by the company; and the plaintiff alleged exceptions.

*D. D. Stewart* and *S. Coburn,* for the plaintiff, cited: Special stat. 1874, c. 561; R. S., c. 46, § 1; *Farrar* v. *Gilman,* 19 Maine, 440; *Leary* v. *Blanchard,* 48 Maine, 272; *Chase* v. *Hathorn,* 61 Maine, 505; *Nichols* v. *Frothingham,* 45 Maine, 220; *Trustees, &c.* v. *Parks,* 10 Maine, 441; *Bank* v. *Pepoon,* 11 Mass. 288; *Folger* v. *Chase,* 18 Pick. 63; *Fleckner* v. *Bank of U. S.* 8 Wheat. 338; *Bank* v. *Baldwin,* 1 Clif. 519; *Bank of Alexandria* v. *Bank of Columbia,* 5 Wheat. 326; *Bank* v. *White,* 1 Denio, 608; *Babcock* v. *Beman,* 1 Kernan, 200; *Dunn* v. *Weston,* 71 Maine, 275.

*Folsom and Merrill,* for the defendants, citing 44 Maine, 442; 11 Cush. 324; Story on Prom. Notes, § 121; *Sturdivant* v. *Hull,* 59 Maine, 172; *Morrell* v. *Codding,* 4 Allen, 403, claimed that the transfer of a note by indorsement can only be made in the first instance by the payee. The mode of making an indorsement when it is done by persons acting officially, is precisely the same as a signature should be in drawing a note. And this indorsement by C. B. Folsom, Treas. is not the indorsement of the company. *Bass* v. *O'Brien,* 12 Gray, 481; *Fuller* v. *Hooper,* 3 Gray, 341; *Bank* v. *Hooper,* 5 Gray, 567; *Brown* v. *Parker,* 7 Allen, 339; *Slawson* v. *Loring,* 5 Allen, 341.

. The authorities cited by the counsel for the plaintiff and which are claimed to be decisive of the case at bar, all contain an important element wanting in the case under consideration, that is, it is not shown here that the treasurer had authority to sign or indorse notes for the company.

APPLETON, C. J. The defendants are sued as indorsers on a note payable to the order of the Madison Pond Slate Company, and on which they waived demand and notice.

The note is indorsed, Charles B. Folsom, Treas. and the question presented is whether such indorsement is sufficient to transfer the title to the note so as to enable the indorsee to sue in his or her name.

The case shows that the payee was a corporation legally organized under the laws of this State and that Folsom was its treasurer.

By the by laws of the corporation, it is provided that the treasurer "shall receive and disburse all money belonging to the company and perform the financial business thereof." The indorsement of notes payable to the company is manifestly a part of its "financial business." The authority to indorse is clearly given. The only inquiry here is whether it has been properly exercised.

The indorsement by the treasurer is thus : " Charles B. Folsom, Treas." It will hardly be contended that the abbreviation for treasurer is not sufficient. In *Farrar* v. *Gilman*, 19 Maine, 441, the indorsement was by the cashier ; in *Chase* v. *Hathorn*, 61 Maine, 505, by A. Hobart, treasurer of Newport Savings Bank ; in *Dunn* v. *Weston*, 71 Maine, 275, by the treasurer. In *Castle* v. *Belfast Foundry Co. ante*, p. 167, the signature was Wm. H. Castle, President. In *Nicolas* v. *Oliver*, 36 N. H. 219, the indorsement was by W. Earl, Sec'y, and held a good indorsement of a note payable to an insurance company. In *Folger* v. *Chase*, 18 Pick. 63, the note of the bank was indorsed P. H. Folger, Cashier, and it was held to pass the title to the note, WILDE, J. remarking that "the indorsement by the cashier in his official capacity sufficiently shows, that the indorsement was made in behalf of the bank and if that is not sufficiently certain, the plaint-

iffs have the right now to affix the name of the corporation." In *McIntyre* v. *Preston*, 5 Gilman, 48, a note payable to a corporation was transferred by its authorized officer indorsing the same by his own name with his official designation and the indorsement was held to pass the title to the note.

The treasurer of the Madison Pond Slate Company, having authority to indorse the note in suit, his indorsement as made transferred the legal title to the same. The plaintiff is the holder of the note and no reason is shown why the suit may not be sustained in her name. No amendment was necessary and none is made.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.